UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL FIORITO,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 22-CV-2597 (PJS/TNL)

ORDER

Michael Fiorito, pro se.

Kristen Elise Rau, United States Attorney's Office, for defendant United States.

Plaintiff Michael Fiorito, a federal prisoner, alleges that prison officials violated Minnesota state law when they failed to provide him with adequate medical care, and he has sued the United States for monetary relief. For the reasons explained below, the government's motion to dismiss is granted, and this matter is dismissed with prejudice.

The allegations in the complaint, which the Court assumes to be true for purposes of this order, are reasonably straightforward:

Fiorito alleges that he suffers from multiple medical ailments, including (1) substantial problems with his left hip, *see* Compl. ¶¶ 5-23 [ECF No. 1-1]; (2) wrist, hand, and ankle pain that require medication and the use of an ankle brace, *see id.* ¶¶ 24-27; (3) bladder and urinary problems that require medication, *see id.* ¶¶ 28-31;

(4) arthritis, which also requires medication, *see id.* ¶¶ 32-56; and (5) foot pain that necessitates Fiorito's use of orthopedic shoes, *see id.* ¶¶ 57-72.  According to Fiorito, each of his medical problems was well-documented prior to his 2021 transfer to the Federal Correctional Institution in Sandstone, Minnesota ("FCI-Sandstone").  After arriving at FCI-Sandstone, however, Fiorito began receiving what he regards as inadequate treatment for his medical problems.  Based on those allegations, Fiorito filed this lawsuit in state court seeking relief under state law from the federal government.  The United States timely removed this action pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), and 1446 and now moves to dismiss the complaint.

      Generally speaking, "sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  But the government has waived some of its immunity through the Federal Tort Claims Act ("FTCA").  28 U.S.C. § 1346(b).  Under the FTCA, a litigant may seek monetary relief from the federal government

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Put another way, the FTCA enables litigants to seek monetary relief directly from the United States for (some) violations of state law committed by employees of the federal government.

Fiorito's complaint does not mention the FTCA—perhaps because, "to invoke the FTCA, a litigant must seek relief in federal court," *Fiorito v. United States*, No. 22-CV-2879 (PJS/LIB), 2022 WL 17082831, at *1 (D. Minn. Nov. 18, 2022), and Fiorito filed this action in state court. Instead, Fiorito invokes "the torts of medical malpractice, negligence, gross negligence, bad faith, ingentional [sic] infliction of emotional distress, [and] negligent infliction of emotional distres [sic] under Minnesota State Law." Compl. ¶ 72. But this approach of seeking relief in state court and only under state law—and ignoring the FTCA—does not render the FTCA irrelevant. The FTCA not only acts as a waiver of sovereign immunity, but it also provides the *exclusive* remedy for claims of "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ."[1] 28 U.S.C. § 2679(b)(1).

---

[1] As the Court has explained in another lawsuit filed by Fiorito in state court and later removed to this District, the fact that the state court lacked jurisdiction over the claims brought by Fiorito does not "preclude this Court from exercising jurisdiction over Fiorito's claims following removal; this Court's jurisdiction is not derivative of the jurisdiction of the state court, at least with claims arguably dependent upon the FTCA." *Fiorito*, 2022 WL 17082831, at *2 (citing *Glorvigen v. Cirrus Design Corp.*, No. 06-CV-2661 (PAM/RLE), 2006 WL 3043222, at *2-3 (D. Minn. Oct. 24, 2006)).

3

In other words, if Fiorito is entitled to relief from the federal government because of the tortious misdeeds of employees at FCI-Sandstone, that relief may be procured only in federal court and only through the FTCA. But those FTCA claims, in turn, ultimately depend on state substantive law, because in order to prevail on his claims, Fiorito must establish that the federal employees acted contrary to "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Turning now to the substance of the complaint: Fiorito's central claim is that employees at FCI-Sandstone committed medical malpractice and various torts of negligence by failing to adequately treat his medical issues. The problem for Fiorito is that, under Minnesota law, "[i]n an action alleging malpractice, error, mistake, or failure to cure . . . against a health care provider which includes a cause of action as to which expert testimony is necessary to establish a prima facie case," Minn. Stat. § 145.682, subd. 2, the claimant must, along with the summons and complaint, serve an affidavit of expert review. Failure to comply with this requirement "within 60 days after demand for the affidavit results, upon motion, in mandatory dismissal with prejudice of each cause of action as to which expert testimony is necessary to establish a prima facie case." *Id.* subd. 6(a); *see also Flores v. United States*, 689 F.3d 894, 900 (8th Cir. 2012) ("[T]he consequence of noncompliance is dismissal of the claim with prejudice.").

Fiorito has insisted throughout this proceeding that the expert-affidavit requirement of Minnesota law is a procedural requirement that conflicts with the

4

Federal Rules of Civil Procedure and therefore cannot be applied in federal court. There is, to be sure, some support for Fiorito's position in other jurisdictions. *See Pledger v. Lynch*, 5 F.4th 511, 517-24 (4th Cir. 2021). But Fiorito brought this lawsuit in the Eighth Circuit, and the Eighth Circuit has repeatedly affirmed the dismissal of malpractice and malpractice-related claims for failure to comply with § 145.682 (even after the Supreme Court issued its decision in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010)). *See, e.g., Flores*, 689 F.3d at 900; *Stowell v. Huddleston*, 643 F.3d 631, 633-39 (8th Cir. 2011); *Bellecourt v. United States*, 994 F.2d 427, 431-32 (8th Cir. 1993). Those holdings are binding on this Court. Thus, Fiorito must demonstrate compliance with § 145.682 in order to seek relief in federal court on claims of medical malpractice or related claims of negligence arising under Minnesota law.

Fiorito has also insisted that, even if § 145.682 applies in federal court, an expert affidavit is not required in his case because the deficiencies in the medical care that he received are so obvious that expert testimony is not required. *See Tousignant v. St. Louis Cnty.*, 615 N.W.2d 53, 58 (Minn. 2000) ("We have stated an exception to the expert affidavit requirement—that when 'the acts or omissions complained of are within the general knowledge and experience of lay persons, expert testimony is not necessary to establish a standard of care, even in cases of alleged medical malpractice.'") (quoting *Atwater Creamery Co. v. W. Nat'l Mut. Ins. Co.*, 366 N.W.2d 271, 279 (Minn. 1985)). Such cases, however, are "exceptional" and "rare." *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457

5

N.W.2d 188, 191 (Minn. 1990); *accord Haile v. Sutherland*, 598 N.W.2d 424, 428 (Minn. Ct. App. 1999) (noting that "expert testimony is necessary to support all but the most obvious medical malpractice claims"). For example, no expert affidavit is necessary to establish that a doctor should not have left a sponge inside a patient following surgery, because it is within the knowledge of non-experts that surgeons should not leave sponges in patients. *See Hestbeck v. Hennepin Cnty.*, 212 N.W.2d 361, 365 (Minn. 1973). But the deficiencies in medical care allegedly suffered by Fiorito are not the kinds of *res ipsa loquitur* errors excused from the expert-affidavit requirement. Only with expert testimony could a factfinder be expected to understand, for example, whether Fiorito should have been prescribed different medication, *see, e.g.*, *Perkins v. Stanon*, No. 18-2465 (PAM/TNL), 2019 WL 3545890, at *1-2 (D. Minn. Aug. 5, 2019), or offered more aggressive treatment for his injured hip, *see Batista v. United States*, No. 16-CV-0794 (PJS/DTS), 2017 WL 3190648, at *9 (D. Minn. June 9, 2017).

In short, the expert-affidavit requirement of § 145.682 applies to this case. Defense counsel sent a written demand for the affidavit on December 21, 2022, and Fiorito thereafter failed to serve the affidavit within 60 days.[2] Rau Decl. ¶¶ 2, 4 & Ex. A

---

[2] More than a month after the conclusion of briefing, Fiorito claimed that he had, in fact, submitted the required affidavit to defense counsel months earlier but, for some reason, forgot to mention it earlier. *See* ECF No. 40. Attached to that communication from Fiorito was an affidavit prepared by Fiorito himself that describes medical care offered by other medical professionals. *See* ECF No. 40-1. But nowhere in the affidavit does Fiorito assert that any of these medical professionals have opined that any official at FCI-Sandstone "deviated from the applicable standard of care and by that action caused

[ECF Nos. 29, 29-1]; *see also* ECF No. 15 at 1 (Fiorito admitting that he received the demand letter). Accordingly, the Court must dismiss with prejudice Fiorito's claims of medical malpractice, negligence, gross negligence, and negligent infliction of emotional distress.[3] *See* Minn. Stat. § 145.682, subd. 6(a).

Fiorito's pleading also offhandedly mentions claims of "bad faith," intentional infliction of emotional distress, and violations of the Minnesota Human Rights Act. *See* Compl. ¶ 72. These claims are not governed by § 145.682, but none of these claims are viable.[4] *See* 28 U.S.C. § 1915A(b). A claim of intentional infliction of emotional distress under Minnesota state law applies only "when conduct is so 'extreme and outrageous, so atrocious that it passes the boundaries of decency and is utterly intolerable to the

---

injury to the plaintiff." Minn. Stat. § 145.682, subd. 3(1). Indeed, it is not clear from the affidavit that Fiorito has even *communicated* with any medical professional about the standard of care that he was offered at FCI-Sandstone, much less that he has a reasonable expectation that any such professional would testify against the United States at trial. In short, even accepting Fiorito's affidavit at face value, the affidavit plainly does not comply with § 145.682.

[3] "To state a claim for [negligent infliction of emotional distress], a plaintiff must prove the four elements of a negligence claim, as well as three additional elements specific to [claims of negligent infliction of emotional distress]." *Engler v. Ill. Farmers Ins. Co.*, 706 N.W.2d 764, 767 (Minn. 2005). Fiorito cannot establish the elements of his negligence claim without expert testimony, and he has not supplied the affidavit required by § 145.682 establishing that he expects to procure that expert testimony.

[4] The government moves to dismiss these claims on the ground that the Court lacks supplemental jurisdiction over them. But the Court would not need supplemental jurisdiction over these claims. The FTCA and 28 U.S.C. § 1331 supply original jurisdiction over *all* of Fiorito's tort claims against the United States.

7

civilized community.'" *Larson v. Minn. Dep't of Hum. Servs.*, No. A17-1887, 2018 WL 2293532, at *5 (Minn. Ct. App. May 21, 2018) (quoting *Stead-Bowers v. Langley*, 636 N.W.2d 334, 342 (Minn. Ct. App. 2001)).  Nothing alleged in the complaint comes even close to meeting this very high standard.  Fiorito's claim under the Minnesota Human Rights Act, Minn. Stat. § 363A.01, et seq., is puzzling; nowhere in the complaint does Fiorito plausibly allege that he was discriminated against because of his race, or religion, or any other impermissible factor.  And "bad faith," as far as this Court can tell, is not an independent cause of action through which litigants may seek relief under Minnesota law.[5]  Each of these remaining claims is therefore dismissed pursuant to § 1915A.

Finally, Fiorito has filed a motion to remand this matter to state court.  *See* ECF No. 37.  Fiorito has filed similar motions to remand in other litigation before the Court, and those motions have been rejected as frivolous.  *See Fiorito v. Drummy*, No. 22-CV-0923 (PJS/TNL), 2023 WL 4052639, at *6 (D. Minn. June 16, 2023).  Fiorito's current motion is *especially* frivolous, as the state court lacks jurisdiction over this lawsuit due to

---

[5] Fiorito did not present claims of constitutional violations in his complaint, but even if he had, relief is not available against the United States itself under *Bivens*, *see Meyer*, 510 U.S. at 484-86, and Fiorito names only the United States as a defendant to this action.

the effect of the FTCA, while this Court does not.[6]  See *Fiorito*, 2022 WL 17082831, at *1. Dismissal rather than remand is the appropriate outcome for this litigation.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. The motion to dismiss of defendant United States of America [ECF No. 26] is GRANTED.

2. The motion to remand of plaintiff Michael Fiorito [ECF No. 37] is DENIED.

3. This matter is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 7, 2023

Patrick J. Schiltz, Chief Judge
United States District Court

---

[6] Fiorito argues in his motion to remand that the officials at FCI-Sandstone alleged to have acted wrongfully were acting outside the scope of their employment and that this matter therefore does not fall within the ambit of the FTCA.  This argument makes no sense.  The complaint and summons in this matter name the United States—and *only* the United States—as a defendant.  See ECF No. 1-1 at 1 (summons); *id.* at 3 (complaint).  The United States cannot be held liable to Fiorito unless the FCI-Sandstone officials *were* acting within the scope of their employment.  Thus, any argument that the officials were *not* acting within the scope of their employment amounts to an admission that this lawsuit is frivolous.