## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Fiorito, | Case No. 22-cv-2597 (PJS/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| United States of America, | |
| Defendant. | |

This matter is before the Court on four recent motions from Plaintiff Michael Fiorito. *See* ECF Nos. 80, 83-85.

Three of those motions may be dealt with briefly. First, Fiorito has asked that this case be held in abeyance for 30 days due to his return to federal custody. *See* ECF No. 83. Fiorito has not adequately explained why it is necessary to impose a stay in this matter. No deadlines are imminent in this case, and there is no reason to think that Fiorito will be prejudiced in any way should this matter not be stayed. Second, Fiorito has filed two requests that the Court take judicial notice of case law that he believes is relevant to the question of whether he may proceed *in forma pauperis* ("IFP") in federal court. *See* ECF Nos. 84 and 85. But Fiorito has not applied for IFP status in this case (which was removed from state court), and both the arguments he raises and the cases he cites have absolutely no relevance to this lawsuit in its current procedural posture. Accordingly, all three of these motions will be denied.

1

Fiorito's final motion requires more analysis. This lawsuit was dismissed in July 2023 on the grounds that Fiorito had failed to procure an expert affidavit, consistent with Minn. Stat. § 145.682. *See* ECF No. 42. Fiorito appealed the dismissal to the United States Court of Appeals for the Eighth Circuit. While the appeal was pending, the government requested that the case be remanded to this Court for consideration of whether Minnesota Supreme Court's recent decision in *Rygwall, as Trustee for Rygwall v. ACR Homes, Inc.*, 6 N.W.3d 416 (Minn. 2024), affects whether federal courts may continue to apply the expert-affidavit requirement of § 145.682 as a basis for dismissal. The request for remand was granted without substantive comment from the Eighth Circuit.

The government has not yet invoked § 145.682 on remand as a basis for dismissal, but the government did include § 145.682 among the affirmative defenses preserved in the answer. In the final motion now before the Court, Fiorito asks that the Court "declare that Minnesota's certificate of merit requirement does not apply" to this matter. *See* ECF No. 80 at 1. The Court construes Fiorito's motion as a request to strike the affirmative defense of non-compliance with § 145.682 pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. "The court may grant a motion to strike an affirmative defense only if no questions of law or fact exist and the defense sought to be stricken could not succeed under any set of circumstances." *First Bank Sys., Inc. v. Martin*, 782 F. Supp. 425, 426 (D. Minn. 1991). Motions to strike are "viewed with disfavor and are infrequently granted." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977).

The crux of Fiorito's argument—and the reason this matter was remanded from the Eighth Circuit on request of the government—is that the Minnesota Supreme Court in

*Rygwall* characterized the expert-affidavit requirement of § 145.682 as "purely procedural." 6 N.W.3d at 430. In actions (such as this) brought under the Federal Tort Claims Act, "as in diversity jurisdiction, the Court continues to apply federal procedural law" while applying state substantive law. *Batista v. United States*, No. 16-0794, 2018 WL 4473398, at *4 (D. Minn. Apr. 13, 2018) (citing *Hanna v. Plumer*, 380 U.S. 460, 463-64 (1965)).

As many courts have noted previously, "procedural" and "substantive" are slippery terms—a provision can be "procedural" in some senses and "substantive" in others. *See, e.g.*, *Hanna*, 380 U.S. at 471 ("The line between 'substance' and 'procedure' shifts as the legal context changes."). Three points are worth making, however:

First, the question of whether § 145.682 is "substantive"—that is the question of whether federal courts must continue to apply § 145.682—is a question of federal law, not a question of Minnesota law. *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 152 (2d Cir. 2013) (noting that "it is 'immaterial' whether that state rule of decision is labelled by *state law* as 'procedural,' 'substantive,' both, or neither." (Quoting *Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1945)). That the Minnesota Supreme Court referred to § 145.682 as "purely procedural" in *Rygwall* does not affect whether that provision is "procedural" for purposes of determining if § 145.682 should be applied in federal court. Indeed, *Rygwall* is not the first time that the Minnesota Supreme Court has called § 145.682 "procedural," *Stern v. Dill*, 442 N.W.2d 322, 324 (Minn. 1989), and yet courts of this district have regularly concluded "that the affidavit-of-expert-review requirement of § 145.682 is a substantive, not a procedural, requirement," *Vogel v. Turner*, No. 11-cv-

3

0446 (PJS/JJG), 2012 WL 5381788, at *3 (D. Minn. Nov. 1, 2012) (citing *Ellingson v. Walgreen Co.*, 78 F. Supp. 2d 965, 968 (D. Minn. 1999)).

Second, because the question of whether the expert-affidavit defense may be applied in federal court is an issue of federal law rather than state law, it is the holdings of the Eighth Circuit, not the pronouncements of the Minnesota Supreme Court, that are binding on that question. The Eighth Circuit has implicitly acknowledged the affidavit requirement of § 145.682 as being substantive rather than procedural for purposes of determining whether federal courts must apply that provision, *see Flores v. United States*, 689 F.3d 894, 899-900 (8th Cir. 2012), and more recently the Eighth Circuit affirmed a decision of the United States District Court for the Northern District of Iowa concluding that an analogous expert-affidavit requirement under Iowa law was substantive rather than procedural, *see Morrow v. United States*, 47 F.4th 700, 704 (8th Cir. 2022).

Third, it is important to remember the procedural posture in which the issue is now before the Court. The government has not (since remand) *invoked* the expert-affidavit defense, but only has *pleaded* the defense as part of its answer. In determining whether to strike the affirmative defense from the answer, it is not the job of the Court to predict whether the defense would be successful if invoked, but only to determine whether invocation of the defense would be futile—that is, to determine whether "it appears to a certainty" that the defense could not successfully be invoked in this matter. *See Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). This Court cannot say, in light of the above, that it is a "certainty" that an expert-affidavit defense could not be successfully raised in this matter.

Accordingly, Fiorito's final motion will also be denied. Fiorito is reminded of the meet-and-confer requirement of Local Rule 7.1(a) and warned that failure to comply with that requirement may, in the future, serve as a basis for any motion filed in violation of that provision to be denied.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The motion to strike of Plaintiff Michael Fiorito, ECF No. 80, is **DENIED**.

2. Fiorito's motion for a stay, ECF No. 83, is **DENIED**.

3. Fiorito's motions to take judicial notice, ECF Nos. 84 and 85, are **DENIED**.

Dated: March 10, 2025

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge